FILED

2017 May-11  PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JALANDA RHODES,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **REEMO WIRELESS, INC.,** | ) | **JURY DEMAND** |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

## I.   INTRODUCTION

1.   Plaintiff complains that Defendant terminated her because she was pregnant in

violation of Title VII and because of her service in the United States Army, in

violation of USERRA.  Plaintiff Jalanda Rhodes, ("Plaintiff") asserts federal

claims of sex discrimination/pregnancy discrimination, in violation of Title VII

of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C.

Section 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"),

and 42 U.S.C. Section 1981a.  Plaintiff further brings this action  pursuant to

the  Uniformed  Services  Employment  and  Reemployment  Rights  Act

("USERRA"), 38 U.S.C. § 4301, et seq.[1]

## II.   JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and 2202 and 38 U.S.C. § 4323(b).Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

3.   Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination on August 3, 2016, which was within 180 days of the occurrence of the last discriminatory act.  Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-To-Sue Letter from the Equal Employment Opportunity Commission, which was issued on February 23, 2017.

## III.   PARTIES

4.   Plaintiff is over (19) years old, is a citizen of the United States, is a resident of the State of Alabama and was employed in the State of Alabama by Defendant. Plaintiff is an employee as defined under Title VII and 38 U.S.C. § 4303(3).

---

[1]"Congress enacted USERRA 'to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service' and 'to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers.'"(quoting 38 U.S.C. § 4301(a)(1), (a)(2)).

5.    Defendant, Reemo Wireless, INC. (Defendant"), is a an entity subject to suit under Title VII and employs at least fifteen (15) persons. Defendant is an entity subject to suit under USERRA as defined under 38 U.S.C. § 4303(4).

## III.   FACTUAL ALLEGATIONS

6.    Plaintiff is a woman who is a member of United States Army Reserve. She began working for  Respondent on May 6, 2016 as a Sales Associate selling cellular telephones for Defendant, which does business as Cricket Wireless and is a Cricket Wireless Authorized Retailer.

7.    Plaintiff's direct supervisor was Nash Abdulsalm, the Store Manager of the location of Defendant were Plaintiff worked.

8.    In May 2016, Plaintiff informed Abdulsalm that her military service required certain drill dates each month that she had to miss work, and she further informed Abdulsalm that in June she had to be out for two weeks of annual military training – June 13th - 26th.

9.    One day in June 2016, when Abdulsalm saw Plaintiff in her military uniform, he told her "you are killing my people."

10.   While Plaintiff was out on drill, Abdulsalm contacted Plaintiff and told her she must return to work.  Abdulsalm had been promoted to a higher level position where he had more responsibility than the store where Plaintiff worked, and

Abdulsalm insisted that Plaintiff come into work because he could no longer be at that store full time.  Abdulsalm made it clear to Plaintiff if she wanted to keep her job she had to return immediately.

11.  To keep her job, Plaintiff returned to work, which caused her to miss the second week of her drill duty, and she suffered the negative consequence of missing drill.

12.  On July 8, 2016, Abdulsalm told Plaintiff he was going to promote her to the Manager of the store where she worked, which would raise her wages from $8.00 an hour to a salary of $1,200 bi-weekly.

13.  Plaintiff was sick on the 17th of July for reasons related to her pregnancy, and she informed Abdulsalm that she was pregnant.  Plaintiff had to leave the store that day because she threw up on her clothing, and left for a short time to run to a nearby clothing store to replace her pants.  As she had been instructed to do, Plaintiff had another employee cover the store when she left to change her clothing.

14.  Abdulsalm became angry with Plaintiff and told her she could forget about being a manager, and then told her she was suspended.  However, later that night, Abdulsalm told Plaintiff her schedule had not changed.

15.  On July 19th, Abdulsalm wrote Plaintiff up allegedly for improperly leaving the

4

store on July 17th.

16.  Abdulsalm also told Plaintiff that day that her promotion to Manager had been withdrawn and she was demoted back to Sales Associate.

17.  Abdulsalm told Plaintiff she was demoted because she was pregnant, and he told her that being pregnant is a safety hazard for Cricket Wireless.

18.  However, there is no safety hazard to working for Defendant as a manager while pregnant.

19.  By the time Plaintiff filed her EEOC charge on August 3, 2016, her store manager Abdulsalm primarily worked at another location, and a woman named Phenecia Foster was the Store Manager.

20.  On August 4th Plaintiff had some medical complications related to her pregnancy; she went to the hospital that day, and she did not leave the hospital until the following morning on August 5th.

21.  On August 5th, Plaintiff informed the Store Manager Foster, that she had been released from the hospital at 3:48 a.m. for pregnancy complications, and the doctor had taken her off work for the 5th of August.

22.  The next day, August 6, 2017, Plaintiff had to miss work for mandatory military training as part of her required monthly military training.  Plaintiff had previously let Defendant know she had to attend drill on that day.

23.    Plaintiff next learned from a co-worker that Defendant had terminated her employment, and the locks on the building had been changed.

24.    Plaintiff returned to work on Monday August 8, 2016, and, as she had already heard, she no longer had a job as of Saturday August 6, 2016, the day she was out of work on mandatory drill duty.

25.    When Plaintiff arrived at work Store Manager Foster told Plaintiff she had been fired for not coming to work 8/4 - 8/6 (Thursday, Friday and Saturday).

26.    Plaintiff reminded Foster she was out for pregnancy complications on the 4th and 5th, and gave her the doctor's excuse dated August 5th.

27.    Plaintiff further reminded Foster she was out on the 6th of August for mandatory drill duty.

28.    Foster told Plaintiff that if she could get her ass to drill, she could have gotten her ass to work.

29.    Defendant fired Plaintiff because of her pregnancy in violation of Title VII.

## IV.    CAUSES OF ACTION

### A.    Count I – Sex/Pregnancy Discrimination

30.    Plaintiff re-avers and incorporates paragraphs 1-29 above as if fully set forth herein.

31.    Defendant discriminated against Plaintiff based on her sex/pregnancy by

terminating her employment.

32.   Defendant's articulated reasons for these adverse employment actions are not legitimate; in the alternative, Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for terminating her, sex/pregnancy was at least a motivating factor in the adverse employment actions Defendant took against her.

33.   Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

34.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this Title VII cause of action for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages and attorney fees is her only means of securing adequate relief.

35.   Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

C.   **COUNT III – 38 U.S.C. § 4311(a) - Intentional Discrimination Against Plaintiff Because of her Performance of Service in the United States Army**

36.   Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above with the same force and effect as if fully set out in specific detail herein below.

37.   Plaintiff was a member of the uniformed services who also held civilian

7

employment with Defendant.

38. Defendant discriminated against Plaintiff for her performance of service in the Army Reserve.

39. Plaintiff's obligation to perform service in a uniformed service was a substantial or motivating factor in the Defendant's decision to terminate her.

40. Defendant unlawfully and willfully interfered with and denied plaintiff retention in employment on the basis of plaintiff's obligation to perform service in a uniformed service in violation of 38 U.S.C. § 4311(a).

41. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this USERRA cause of action for backpay, injunctive relief, liquidated damages and attorney fees is her only means of securing adequate relief.

**VI.   Prayer for Relief**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*

2.      Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*

3.      Enter an Order requiring the defendant to make Plaintiff whole by awarding her reinstatement, front pay, lost wages (plus interest), compensatory and punitive damages, liquidated damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,


/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Counsel for Plaintiff


**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS, FISHER,
& GOLDFARB LLC.
The Kress Building

301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS**:
REEMO Wireless, Inc.
c/o BAYAZID, SAHAR
2208 TANGLEWOOD DR
BIRMINGHAM, AL 35216